THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH CALABRESE AND ARTHUR CORT, PLAINTIFFS IN ERROR.

Argued February 10, 1930—Decided October 20, 1930.

For the plaintiffs in error, *John W. McGeehan, Jr.,* and *Charles Becker.*

For the defendant in error, *Joseph L. Smith,* prosecutor of the pleas, and *Simon L. Fisch,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

LLOYD, J. The plaintiffs in error were convicted of murder in the first degree without recommendation of life imprisonment and sentenced to death, and the case is before us for review, both on bills of exception and on specifications of causes for reversal on the entire record under the one hundred and thirty-sixth section of the Criminal Procedure act.

The first reason urged for reversal is that the court erred in overruling the challenge to the array of the panel of jurors from which the trial jurors were drawn. The chal-

lenge was based on the fact that all of the names of the general panel of jurors were not in the box at the time the drawing took place. What occurred was this: The forty-eight names comprising the special panel of jurors were drawn from the general panel. When this special panel was exhausted the sheriff proceeded to draw from another box containing only a portion of the remaining names of the general panel, the jurors for the term having been divided into two separate panels in accordance with chapter 296 of the laws of 1927, and the names being drawn from one of the boxes containing the names as thus divided. When this box was exhausted the drawing continued from another box containing the names of the remainder of the general panel, and at this point counsel for the defendants interposed the challenge to the array.

Assuming, as contended by the plaintiffs in error, that the act of 1927 applies only to the trial of civil cases, we deem it quite clear that the defendants were in nowise "prejudiced in maintaining their defense upon the merits." All of the names were those of potential jurors and presumably qualified to serve. That some of those thus qualified were not in the box at the time could by no possibility prejudice the defendants. There was afforded every opportunity to secure impartial triers, and no reason is suggested to indicate that these were not obtained. That the jurors chosen were satisfactory to the defendants is apparent from the fact that the peremptory challanges available to them were never exhausted. Harmless irregularities, even errors, cannot be availed of to defeat the results of a fair trial. Such is the declaration of legislative authority in the one hundred and thirty-sixth section (*supra*), and this court will be appealed to in vain to defeat the ends of justice by such means. As was said by Mr. Justice Van Syckel nearly half a century ago in *Patterson* v. *State,* 48 *N. J. L.* 381, 383, "the reason for resorting to mere technicality to enable the criminal to evade the sanction of the law" (viz., extreme penalties in disproportion to the offenses) "no longer exists, and the practice to which that reason led should therefore cease. Men who make their lives a

scourge to society must answer its violated laws, and can justly demand, in a judicial tribunal, nothing except a fair trial according to the laws of the land, in which no substantial right is denied them."

Our conclusion is that the defendants at the trial were not prejudiced by the manner of selecting the jury.

It is next argued as a reason for reversal that the court erroneously permitted the prosecutor, over objection, to question jurors on their *voir dire* without any challenge being first interposed. Counsel for the plaintiffs in error concede that they themselves examined jurors without challenge, but contend that this was not a waiver or acquiescence in the practice. From the record it appears that a juror was called and the clerk was about to swear him on his *voir dire* when counsel for the defendants objected, the prosecutor having previously requested that all of the jurors be so sworn in a body rather than individually. The objection was overruled and the juror sworn. It will thus be seen that no challenge to the favor had been interposed and to this extent the proceeding was irregular. This much was decided in the case of *Clifford* v. *State*, 61 *N. J. L.* 217, and reiterated by this court as recently as *State* v. *Palmieri*, 93 *Id.* 195.

The evils that would attend the course pursued in the present case are patent and serious. They were pointed out in the Clifford case and need not be here recounted. Whatever the practice in other jurisdictions may be, the requirement that a challenge be interposed before a juror may be sworn as to his impartiality between the parties is too well established to be disturbed by the practice in other states or by a custom which it is said has grown up in our own state.

It does not follow, however, that the judgment should be reversed because of this error in procedure. Whether the defendants acquiesced in the course followed and thereby estopped themselves from now complaining, it is quite obvious that they suffered no injury by the examination of the jurors without the interposition of challenges. The information elicited was wholly limited to that which would have been proper had the juror been challenged. It was informa-

tion the introduction of which could by no possibility embarrass or prejudice the defendants in their trial.

Aside from the merits of the contention now before us, we again affirm the soundness of the rule of this court as laid down in the Clifford case that as a rule of practice a juror should not be permitted to be examined without warning to opposing counsel that he is challenged to the favor and thereby giving notice of a purpose to examine upon the juror's qualifications. Such a course limits the ensuing examination within the narrow bounds of the challenge and excludes inquiries which too frequently result in interminable delay in the selection of jurors and the scandalizing of judicial proceedings.

It is next urged that the court erred in excluding the following question directed to a prospective juror who had been sworn on his *voir dire:*

"*Q*. Mr. Braumuller, in this case of the State *v.* Cort and Calabrese, the state's case is to be presented by Prosecutor Smith and Assistant Prosecutor Fisch, and I ask you whether or not, in your judgment, there is anything that would prevent your conscientiously deciding this case or whether you would be able to render a just judgment in the case, uninfluenced by any acquaintance with any of the parties in the case?"

The previous question was: "Are you acquainted with Prosecutor Smith?" The court overruled the larger question in so far as it involved an acquaintance with the prosecutor. Counsel were not hampered in permitting inquiry as to whether the juror could render a proper verdict. The complaint is, therefore, without substance.

It is contended, under a number of assignments next following, that the trial court erred in sustaining the state's challenge to prospective jurors. Substantially all of these challenges were sustained on adequate grounds, but even though they were not this would not justify reversal, the defendants having unused peremptory challenges which they might exercise in the empanelling of subsequent jurors, and the law being settled that the right of challenge is one of

exclusion and not one of selection. *State* v. *Langhans*, 95 *N. J. L.* 213, *and State* v. *Juliano*, 103 *Id.* 663.

It is next said that the court erred in overruling a challenge to a juror on the ground that he was opposed to recommending life imprisonment in a murder case. Whether the juror was so opposed as to disqualify him as a juror may be in some measure of doubt, although if required to pass upon the question, we would not be prepared to say that the court was in error in its ruling. Be this as it may, however, it is again only necessary to add that the defendants' challenges were never exhausted and for this reason they suffered no injury from the ruling of the trial judge.

When Calabrese was on the stand he was asked by his counsel the following question:

"*Q.* Did you at any time intend to kill him [meaning the victim Grossman] or seriously wound him?"

The evidence of the crime clearly established that at the time of the killing the defendants were engaged in an attempted robbery, so much being admitted by the defendant-witness Calabrese, and it was on this assumption that the question was excluded. When one deliberately shoots another it is murder regardless of the intent with which such killing is perpetrated, and if to be added thereto it is committed in the perpetrating or the attempt to perpetrate a robbery, by the statute it is murder in the first degree, the pertinent sections of the Crimes act (*Comp. Stat., p.* 1779) reading as follows:

"106. Any person who, in committing or attempting to commit * * * any unlawful act against the peace of this state of which the probable consequence may be bloodshed, shall kill another * * * then such person so killing shall be guilty of murder."

"107. Murder which shall be * * * committed in perpetrating or attempting to perpetrate any arson, burglary, rape, robbery, or sodomy shall be murder in the first degree."

Finally as to the court's charge: Our examination leads us to the conclusion that the portions complained of, in so far as instructions respecting the degree of murder is in-

volved, are in strict accordance with the statute, as above recited, and in so far as they pertained to the crime itself that they were in harmony with the decision of this court in the case of *State* v. *Turco*, 99 *N. J. L.* 96, and no useful purpose would be served by further discussion.

Finding no prejudicial error in the record as presented to this court, the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.